## STATE v. ORTON.

LIQUOR: *Indictment for selling in prohibited district.*

    An indictment for selling liquor within the prohibited limits of a spe-cial act of the legislature must be framed under the act and not un-der the general law, for selling liquor without license.

APPEAL from *Dorsey* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*Moore, Att'y Gen'l,* for the State.

ENGLISH, C. J.   At the March term, 1882, of the circuit
court of Dorsey county, Ed. M. Orton was indicted for sell-
ing liquor without license ; the indictment charging that,
"said Ed. M. Orton in the county aforesaid, on or about
the fifteenth day of January, 1882, did unlawfully sell one
pint of ardent liquor commonly called whiskey, without
first procuring a license from the county court of said
county of Dorsey authorizing him, the said Ed. M. Orton,
to exercise such privilege, contrary to the statute and
against the peace and dignity of the State," etc.

The defendant filed a plea in abatement, alleging in sub-
stance that if the offense charged in the indictment was
committed at all, it was committed after the passage of the
act of the legislature prohibiting the sale of ardent spirits
within three miles of Pleasant Ridge Academy.   That said
academy is in or near Toledo.   That said offense, if com-
mitted at all, was committed within three miles of said
academy, to-wit : at Toledo, etc.

The plea was submitted to the court, as if upon demurrer
we suppose, and the court held the plea good, and rendered
judgment dismissing the indictment, and the State ap-
pealed.

The act referred to in the plea in abatement was approved
March 4th, 1879, (Acts of 1879, page 21), and provides :
"That it shall not be lawful for any person to sell, barter
or exchange, any vinous or ardent spirits, or intoxicating
bitters, in any quantity whatever, within three (3) miles of
the Pleasant Ridge Academy, in the county of Dorsey,
state of Arkansas."

The act makes it a misdemeanor to violate any of its pro-

visions, and subjects the offender to a fine of not less than twenty-five dollars, nor more than two hundred dollars.

Taking the allegations of the plea to be true, the sale of whiskey charged in the indictment was made within three miles of Pleasant Ridge Academy, and was an offense under the above act of the fourth of March, 1879, and appellee was subject to indictment and punishment under that act.

The indictment charges no offense within the perview of that act. It charges a sale of whiskey in Dorsey county, when it should have alleged the sale to have been made within three miles of Pleasant Ridge Academy, in Dorsey county, contrary to the special statute in that case made and provided.

The indictment was doubtless drafted under the general act of March 8th, 1879, (Acts of 1879, p. 33), prescribing the mode of obtaining license to sell liquors, and subjecting any person selling without license to a fine of not less than two hundred dollars nor more than five hundred dollars.

But whatever may be the effect of the *proviso* in section 3 of the act of March 26th, 1883, (Acts of 1883, p. 192-3), the act of March 4th, 1879, was not in force or effect at the time the offense charged in the indictment was committed, within the local territory or area described in the special act of March 4th, 1879.

Section 18 of the act of March 8th, 1879, expressly reserves from repeal, and leaves in force within its limits, any special act regulating the sale of ardent, vinous or fermented liquors in any special locality in this State.

This case falls within the decision of this court in *DeBois v. the State, 34 Ark., 381.* In that case DeBois was indicted for selling liquor in White county without license. On the trial it was found that the sale was made within two miles of the Judson University. On this evidence the de-

fendant was convicted and fined two hundred dollars, the lowest penalty imposed for selling liquor without license by the act of March 8th, 1879, The judgment was reversed on the ground that the defendant should have been indicted under the special act of Febrnary 28th, 1875, regulating the sale of liquors within two miles of the Judson University. Affirmed.